UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAYVON DESHION MOORE-MCFADDEN,

Plaintiff,

v.

YESHA HILL, et al.,

Defendants.

No.  2:26-cv-2036 CSK P

ORDER

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF Nos. 2, 8.)  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.      SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

2

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.      THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.     PLAINTIFF'S SIGNED COMPLAINT IS INSUFFICIENT

On November 14, 2025, plaintiff filed an unsigned civil rights complaint on a Central District of California form and filed it in the United States District Court for the Northern District of California, erroneously believing that his claims arose in that court's jurisdiction.  (ECF No. 1.) On November 25, 2025, plaintiff filed a signed complaint on the civil rights complaint form used by the Northern District of California.  (ECF No. 6.)  On June 3, 2026, this case was transferred to this Court, the Eastern District of California.  (ECF No. 14.)

3

Plaintiff's signed complaint includes five defendants in the case caption, but did not complete the defendants' section, failing to include each defendants' official position and place of employment. (ECF No. 6 at 2.) In addition, plaintiff included no factual allegations against each defendant. (Id.) Instead, plaintiff refers to his prior unsigned complaint. (Id.) However, the court cannot refer to a prior pleading in order to make plaintiff's complaint complete. See Local Rule 220. Every complaint must set forth each claim, and the involvement of each defendant must be sufficiently alleged. Thus, plaintiff's signed complaint is insufficient to serve as plaintiff's complaint in this action. (ECF No. 6.) Accordingly, plaintiff's signed complaint is dismissed with leave to amend.

## IV.     GUIDANCE RE: MEDICAL CLAIMS

In an abundance of caution, and in the interest of judicial economy, the Court has reviewed plaintiff's original complaint, which is not signed, and offers plaintiff the following guidance in filing an amended complaint.

### A.   Eighth Amendment Medical Standards

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.

4

Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corr., 220 F. Supp. 2d 1098, 1105 (N.D. Cal. Sept. 9, 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105.

B.    Deficiencies in Plaintiff's Original Complaint

In the jurisdiction section of the original complaint, plaintiff claims that each named defendant violated plaintiff's Eighth and Fourteenth Amendment rights. (ECF No. 1 at 3-4.) Then, in the claims portion of the original complaint, plaintiff alleges that all of the events giving rise to his claims occurred in the Northern District. (Id. at 5.) However, all of the named defendants worked at California State Prison, Sacramento, which is located in Represa, California, under the jurisdiction of the Eastern District of California. Plaintiff then claims that "defendants failed to act or deliberately delayed or denied adequate medical treatment." (Id.) Plaintiff provides no further specific facts as to each defendant's acts or omissions that purportedly violated plaintiff's rights. General allegations are insufficient to state a cognizable civil rights claim. Plaintiff must provide specific facts as to each defendant showing what each defendant did or did not do that plaintiff claims violated his federal rights.

Further, plaintiff named the warden as a defendant, but included no specific facts demonstrating the warden was personally involved or otherwise failed to act in connection with plaintiff's neck injury. (ECF No. 1 at 3, 5.) As discussed above, there is no liability based solely on the warden's supervisorial role as warden. Iqbal, 556 U.S. at 679. Finally, plaintiff refers to

5

Exhibit 1, which appears to be a photocopy of his wrist band from Los Angeles County, which he alleges holds all his records and grievances, and which he claims proves his neck was broken at Folsom State Prison, and that he arrived in Los Angeles County with a broken neck.  (ECF No. 1 at 8.)  He then appends copies of his prison grievances.  Plaintiff is advised that he is not required to submit evidence or grievances with his amended complaint.

V.      LEAVE TO AMEND

Because plaintiff's signed complaint does not contain the names of defendants or any factual allegations as to how each named defendant violated plaintiff's federal rights, the complaint must be dismissed.  However, the Court grants plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff shall file his amended complaint on the civil rights form used by this

6

district.

VI.    CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 6) is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original of the Amended Complaint, filed on this court's civil rights complaint form.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  June 17, 2027

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/moor2036.14n

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAYVON DESHION MOORE-MCFADDEN,

           Plaintiff,

    v.

YESHA HILL, et al.,

           Defendants.

No.  2:26-cv-2036 CSK P

NOTICE OF AMENDMENT

      Using the court's civil rights complaint form, plaintiff submits his amended complaint in compliance with the court's order filed on _____ (date).

☐     Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

                _____
                Plaintiff

8