UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYVON DESHION MOORE-MCFADDEN,<br>Plaintiff,<br>v.<br>YESHA HILL, et al.,<br>Defendants. | No. 2:26-cv-2036 DC CSK P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. On June 17, 2026, plaintiff's complaint was dismissed, and he was granted thirty days leave to file an amended complaint. (ECF No. 16.) On July 6, 2026, plaintiff was granted an extension of time to file an amended complaint. (ECF No. 23.) Plaintiff now seeks a second extension of time, as well as copies of the exhibits he appended to his original complaint, without which he cannot draft his proposed amended complaint. (ECF No. 24.) Good cause appearing, plaintiff's requests for second extension of time and for copies of his exhibits are granted. Plaintiff is cautioned that he should retain copies of documents submitted to the Court. On this one occasion, the Court will provide plaintiff with a copy of his exhibits.[1]

[1] Plaintiff is advised that in the future, he must pay for such copies because his in forma pauperis status does not include the cost of copies. The Clerk's Office will provide copies of documents and of the docket sheet at $0.50 per page. Checks in the exact amount are made payable to "Clerk, USDC." Copies of documents in cases may also be obtained by printing from the public

In addition, in response to plaintiff's claim that the law library at Pelican Bay State Prison was closed, plaintiff is reminded that the June 17, 2026 screening order provided plaintiff with the legal standards governing medical claims raised under the Eighth Amendment. (ECF No. 16.) The identified defects were plaintiff's failure to provide specific facts as to each named defendant showing what each defendant did or did not do that plaintiff claims violated the Eighth Amendment. (Id. at 5-6.) Plaintiff's amended complaint does not require citations to legal authorities. Rather, plaintiff must provide specific facts showing (1) a serious medical need; and (2) how each defendant's response was deliberately indifferent. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To demonstrate deliberate indifference, for each defendant, plaintiff must show each defendant was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the defendant] must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In addition, plaintiff requests that the court appoint counsel. (ECF Nos. 24, 25.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to

---

terminals at the Clerk's Office or by contacting Cal Legal Support Group at: 3104 "O" Street, Suite 291, Sacramento, CA 95816, phone 916-822-2030, fax 916-400-4948.

meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a second extension of time (ECF No. 24) is granted;

2. Plaintiff is granted thirty days from the date of this order in which to file an amended complaint;

3. Plaintiff's motion for the appointment of counsel (ECF Nos. 24, 25) is denied without prejudice.

4. The Clerk of the Court is directed to send plaintiff a copy of the exhibits to his original complaint (ECF No. 1 at 8-34).

Dated: September 4, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/moor2036.36sec